IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAD RIVER POST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 3:08-CV-444-N |
| | § | |
| JBARM L.P. (FORMERLY MAD RIVER | § | |
| POST DALLAS, L.P.), JAMES K. | § | |
| APPLETON,  MARY M. APPLETON, | § | |
| JAMES M. APPLETON, SHOWCASE | § | |
| PRODUCTIONS, INC. AND JENNIFER | § | |
| HUGHES, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT BASED ON ADR SETTLEMENT AND CROSS
MOTION TO VACATE ARBITRATION AWARD**

OF COUNSEL:
Charles W. Schwartz
State Bar No. 17861300
charles.schwartz@skadden.com
Noelle M. Reed
nreed@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.:  888-329-2286

Michelle L. Davis*
State Bar No. 24038854
michelle.davis@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
Wilmington, DE 19899-0636
Telephone No.:  302-651-3000
Facsimile No.:  888-329-3350
*A resident of the Dallas Division of the Northern District
of Texas and a member of the Bar of this Court.

Jenni Spiritis
NY Federal Bar No.: JS-5603
jspiritis@rgbllp.com
ROSEN GREENBERG BLAHA LLP
40 Wall Street, 32nd Floor
State Bar No. 24044211
New York, NY  10005
Telephone No.: 212-530-4835
Facsimile No.:  212-530-4815

**ATTORNEYS FOR PLAINTIFF
MAD RIVER POST, INC.**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITES ........................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................1

II.    FACTUAL BACKGROUND.............................................................................2

III.   PROCEDURAL BACKGROUND.....................................................................3

     A.    The Arbitrator Grants MRP's Motion for Summary Judgment
          as to MRP's Counterclaim................................................................3

     B.    The Arbitrator Improperly Considers Damages Precluded
          by the Contract.................................................................................4

     C.    The Arbitrator Refuses to Direct Claimants to Produce a
          Material and Necessary Tape Recording to MRP...............................6

     D.    The Arbitrator Induces MRP to Accept a Standard Award ..................6

     E.    The Arbitrator Denies MRP's Motion to Modify the Award..................7

IV.    ARGUMENT....................................................................................................8

     POINT I
     THE ARBITRATOR EXCEEDED HER AUTHORITY ..................................9

     A.    The Arbitrator Exceeded Her Jurisdiction by Basing Her Award
          On a Claim That Was Never Submitted and That is Not Cognizable
          Under Texas Law...............................................................................9

     B.    The Arbitrator Failed to Afford Any Consequence to the
          Damages Limitation Provision That Expressly Restricted Her
          Authority to Award Damages .............................................................12

     C.    The Arbitrator Exceeded the Scope of Her Authority by
          Manifestly Ignoring Texas Preclusion Rules, Binding
          Pre-Hearing Motion Practice and the Agreement Regarding
          the Type of Award that Would Be Issued...........................................16

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD**

i

POINT II
THE ARBITRATOR IMPROPERLY AIDED CLAIMANTS IN
WITHOLDING EVIDENCE FROM MRP THAT WAS MATERIAL
AND NECESSARY TO MRP'S DEFENSES .................................................................20

CONCLUSION...............................................................................................................23

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD**

ii

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Abraxas Petroleum Corp. v. Hornburg,*
    20 S.W.3d 741 (Tex. App.—El Paso 2000, no pet.)..............................................13

*Ascension Orthopedics, Inc.  v. Curasan,*
    No. H-07-4033, 2008 WL 2074058 (S.D. Tex. May 14, 2008)................................9

*AT&T Techs., Inc. v. Commc'ns Workers of Am.,*
    475 U.S. 643 (1986).............................................................................................15

*Bruce Hardwood Floors v. UBC,*
    103 F.3d 449 (5th Cir. 1997)................................................................................12

*Brown v. Witco Corp.,*
    340 F.3d 209 (5th Cir. 2003) ...........................................................................9, 14

*Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Trust,*
    249 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2007) ......................................15

*Chevron Trans. Corp. v. Astro Vencedor Compania Naviera, S.A.,*
    300 F. Supp. 179 (S.D.N.Y. 1969) .....................................................................22

*Delta Queen Steamboat Co. v. AFL-CIO,*
    889 F.2d 599 (5th Cir.1989) ...............................................................................12

*Employers Ins. of Wausau v. El Banco De Seguros Del Estado,*
    357 F.3d 666 (7th Cir. 2004) ..............................................................................14

*English v. Fischer,*
    660 S.W.2d 521 (Tex. 1983)...........................................................................11, 12

*First Options of Chi., Inc. v. Kaplan,*
    514 U.S. 938 (1995).............................................................................................15

*Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas,*
    915 F.2d 1017 (5th Cir. 1990) ............................................................................21

*Gulf Oil v. Guidry,*
    327 S.W.2d 406 (1959).................................................................................9, 12, 18

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

iii

*Hall Street Assocs., L.L.C. v. Mattel,*
    128 S.Ct. 1396 (2008) ................................................................................................9

*Halliburton Energy Servs., Inc. v. NL Indus.,*
    No. H-05-4160, 2008 WL 906037 (S.D. Tex. Mar. 31, 2008) ...................................... *passim*

*Hart v. Moore,*
    952 S.W.2d 90 (Tex. App.—Amarillo 1997) ...............................................................5

*Hollywood Fantasy Corp. v. Gabor,*
    151 F.3d 203 (5th Cir. 1998) ................................................................................14

*House Grain Co. v. Obst,*
    659 S.W.2d 903 (Tex. App.—Corpus Christi 1983) .........................................19, 22

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,*
    341 F.3d 987 (9th Cir. 2003) ................................................................................9

*Mays v. Pierce,*
    203 S.W.3d 564 (Tex. App.—Houston [14th Dist.] 2006)......................................5

*McGrath v. FSI Holdings Inc.,*
    246 S.W.3d 796 (Tex. App.—Dallas 2008)..........................................................8, 16

*Mistletoe Express Serv. v. Locke,*
    762 S.W.2d 637 (Tex. App.—Texarkana, 1988)................................................5, 14

*Nelson v. Data Terminal Sys.,*
    762 S.W.2d 744 (Tex. App.—San Antonio 1998)................................................14

*OneBeacon Am. Ins. Co. v. Turner,*
    No. Civ.A H-05-4343, 2006 WL 547959 (S.D. Tex. 2006) ..............................14, 15

*Pennsylvania v. Labron,*
    518 U.S. 938 (1996)..............................................................................................12

*Rainbo Baking Co. v. Stafford,*
    787 S.W.2d 41 (Tex. 1990)....................................................................................22

*Robert S. Robertson, Ltd. v. State Farm Ins. Co.,*
    921 So.2d 1088 (5th Cir. 2006) ...........................................................................14

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

iv

*Rodriguez de Quizas v. Shearson/Am. Express, Inc.,*
    490 U.S. 477 (1989)...........................................................................................................9

*Rubalcaba v. Pac./Atl.Crop Exch., Inc.,*
    952 S.W.2d 552 (Tex. App.—El Paso 1997).........................................................13

*Smith v. Cook,*
    126 S.W.2d 1049 (Tex. Civ. App.—Galveston 1939).....................................16, 19

*Smith v. Transp. Workers Union of Am.,*
    374 F.3d. 372 (5th Cir. 2004) ...................................................................... *passim*

*Standlee v. Buechler,*
    No. 05-92-00466-CV, 1993 WL 155875 (Tex. App.—Dallas May 14, 1993)............17, 18, 19

*Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.,*
    607 F.2d 649 (5th Cir. 1979) ...................................................................... *passim*

*Wilko v. Swan,*
    346 U.S. 427 (1953).........................................................................................................9

## Other Authorities

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 ...............................................8, 19, 20

9 U.S.C. § 9................................................................................................................8

9 U.S.C. § 10................................................................................................8, 19, 20

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

v

## I. PRELIMINARY STATEMENT

Mad River Post, Inc. ("MRP") opposes JBARM L.P.'s ("JBARM") motion to confirm a $1 million arbitration award issued in JBARM's favor and moves to vacate that award. The award should be set aside because Arbitrator Melissa Hubbard grossly exceeded the scope of her arbitral authority when she randomly awarded $1 million in damages. Incredibly, that determination was expressly premised on a cause of action that was *never asserted* by JBARM in the arbitration and significantly, is not even recognized under Texas law. (*See infra* Point I.A.) Additionally, the Arbitrator arbitrarily awarded damages to Claimants without even considering an express provision in the parties' underlying Business Agreements that precluded the Arbitrator from awarding significant items of damages. (*See infra* Point I.B.) Instead, the Arbitrator issued a blanket $1 million award that reflects that she did not calculate damages consistent with any type of damages limitation, thereby completely exceeding the scope of her authority. (*Id.*) The Arbitrator further exceeded her authority and enlarged her jurisdiction by considering and resolving certain damages claims that Claimants themselves had voluntarily relinquished pre-hearing, and that were therefore no longer legally viable at the time this case was heard by the Arbitrator. (*See infra* Point I.C.)

Finally, the Arbitrator exhibited highly prejudicial misconduct at the arbitration hearing when she permitted Claimants to withhold from MRP a tape recorded conversation (between one of Claimants and one of MRP's witnesses) that was material and necessary to MRP's defenses, thereby prejudicing MRP in the presentation of its case. (*See infra* Point II.)

As a result of the aforementioned transgressions, the Arbitrator issued an award that is not entitled to deference, cannot be confirmed, and must be vacated.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

1

## II.  FACTUAL BACKGROUND

MRP is a small, closely-held corporation that has been providing post-production video editing services to some of the leading U.S. advertising agencies for many years. (App. at 13, ¶ 3.) Despite its small size, MRP has earned a reputation as one of the most talented entities in this highly-specialized field. (App. at 13, ¶ 4.)

In October 2001, the parties partnered on a Dallas-based business venture to provide post-production video editing services in the Dallas area. (App. at 13-14, ¶ 6.) The partnership was not a success. (App. at 13-14, ¶¶ 6, 7.) After two years, MRP as managing partner made the difficult decision to cease business operations due to disappointing financial results. (App. at 14, ¶ 6.)

Claimants wanted to keep the business running, and MRP agreed to transition the business so that it was 100% owned and operated by Claimants. (App. at 14, ¶ 7.) The parties further agreed to end the "marriage"/partnership amicably and to move forward under a new commercial arrangement. (*Id.*)

On December 1, 2003, the parties entered into (i) the Master Transaction Agreement ("MTA"), under which MRP transferred all of its ownership interests in the partnership to Claimants (App. at 30-38); (ii) the License Agreement, under which MRP permitted Claimants to use, for a limited time, the "Mad River Post" name (App. at 42-53); and (iii) the Mutual Cooperation and Support and Non-Competition Agreement (the "Cooperation Agreement") under which the parties set forth how they would share costs and revenues on future collaborations (App. at 54-64) (collectively, the "Business Agreements" or "Agreements").

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

2

Each of the three Business Agreements contains a binding arbitration provision that (i) requires the parties to arbitrate "any controversy arising out of or relating to" the Business Agreements, (ii) provides that Texas law governs; and (iii) limits the arbitrator's authority to award damages. (App. at. 37, ¶ 14; 51, ¶ 18; 61, ¶ 17.)

On December 13, 2005, MRP properly terminated the Cooperation Agreement and the License Agreement pursuant to their terms for Claimants' failure to pay to MRP approximately $52,422.00 owed to it under the Cooperation Agreement for use of its editors and editing facilities for the completion of editing projects. (App. at 15-16, 65-66.)

### III.  PROCEDURAL BACKGROUND

On or about September 18, 2006, Claimants filed an Amended Statement of Claim against MRP asserting five causes of action. (*See* App. at 80-93.)  Three of Claimants' original causes of action were dismissed at the pre-hearing stage, leaving Claimants with a single breach of contract claim and a business disparagement claim to be heard by the Arbitrator.  (App. at 105.)

A.    The Arbitrator Grants MRP's Motion for Summary Judgment as to MRP's Counterclaim

In connection with their surviving breach of contract claim, Claimants asserted in their Statement of Claim that MRP wrongfully terminated the Business Agreements on December 13, 2005 for Claimants' non-payment of approximately $52,422.00.  Claimants alleged that they were legally excused from their payment obligations under the contract as a result of MRP's prior breach of the contract, and that MRP's termination was therefore improper. (App. at 87.)  Based

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

3

on this argument, Claimants took the position that they were entitled to lost profits for several years following December 13, 2005—the date of the alleged wrongful termination. (*Id.*)

In September 2007, MRP filed a motion for summary judgment on its counterclaim for the approximately $52,422.00 owed to it, advancing that Claimants had no legitimate legal basis for failing to render payment. (App. at 106-12.) Claimants consented to the motion. (App. at 113.) After Claimants filed their written consent to the motion, the Arbitrator issued an Order granting summary judgment in favor of MRP. (App. at 114.)

    B.    <u>The Arbitrator Improperly Considers Damages Precluded by the Contract</u>

The arbitration provision in the Business Agreements includes a damages limitation clause, which states:

> ***The arbitrator shall not be authorized to award either party extra contractual damages (i.e., compensatory or punitive damages).***

(App. at 37, ¶ 13; 51, ¶ 18; 61, ¶ 17.) In March 2008, MRP served a request for admissions concerning the damages limitation clause, asking Claimants to admit that:

> ***Each of the parties' three business agreements dated December 1, 2003 contains a typographical error in the paragraph entitled "Governing Law: Consent to Jurisdiction," to wit the term "compensatory" erroneously appears in the parenthetical when the term intended by the parties was "consequential."***

(App. at 115-16.) Claimants denied the request for admission, and never offered an alternative interpretation of the word "compensatory." (App. at 117, 128, 142.)

About one week prior to the arbitration hearing, the parties exchanged pre-hearing briefs and exhibits. (App. at 117-31, 161-76.) In accordance with the Arbitrator's Order of September 1, 2006, Claimants included in their pre-hearing brief an itemized list of their alleged damages.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

4

(App. at. 130-31.)  The itemized list of damages revealed that a significant share of Claimants' alleged losses consisted of *consequential* damages, a large share of which were purportedly incurred after December 13, 2005.[1]  (*Id.*)  Claimants' damages exhibits revealed the same.  (App. at 146-48.)  The damages documents also showed that Claimants did not compute either their expectancy or reliance damages at $1 million.[2]  (App. at 130-31, 146-48.)

Upon receipt of Claimants' documentary damages evidence, MRP filed a motion *in limine* seeking, among other things, that Claimants be precluded from introducing damages evidence showing monetary losses subsequent to December 13, 2005—the conclusive termination date of the Agreements pursuant to the Arbitrator's Order granting MRP's summary judgment motion.  (App. at 158-59.)  The Arbitrator denied the motion without explanation.  (App. at 6, ¶ 16.)

In its submissions to the Arbitrator, MRP specifically pointed out that the damages limitation clause prevented the Arbitrator from awarding consequential damages to Claimants under either party's reading of the clause.  (App. at 189-190.)  The Arbitrator never gave any indication that she afforded any meaning to the damages limitation clause.  (App. at 202.)

---

[1]     Claimants also included in their damages documents broad based damages pre-dating December 1, 2003, which related to the parties' former partnership.  (App. at 146-47).  Notably, the Arbitrator had dismissed all claims relating to the parties' former partnership prior to the hearing.  (App. at 105.)

[2]     Texas law limits a litigant's recovery on a breach of contract claim to *either* (i) expectancy damages, which consist of the reasonable anticipated value of the contract, and include consequential damages such as lost profits, or (ii) reliance damages, which are expenditures made by a party in its necessary preparation for a contract or in its reasonable performance of a contract.  *See Hart v. Moore*, 952 S.W.2d 90, 97 (Tex. App.—Amarillo 1997, pet. denied); *see also Mays v. Pierce*, 203 S.W.3d 564, 577-78 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  A litigant cannot recover both types of damages.  *See Hart*, 952 S.W.2d at 97.  Although restitutionary damages are also recoverable on a breach of contract claim, *see Mistletoe Express Serv. v. Locke*, 762 S.W.2d 637, 638 (Tex. App.—Texarkana 1988, no writ), Claimants' itemized list of damages does not show restitutionary damages.  (App. at 130-31.)

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR**
**SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD**

C.     The Arbitrator Refuses to Direct Claimants to Produce a Material and Necessary Tape Recording to MRP

The arbitration hearing was held between April 22 and April 25, 2008 in the AAA's offices in Denver.  During the second day of the hearing, Claimants admitted that Jim Appleton ("Appleton") tape-recorded a conversation he had with MRP's non-party witness, Brad Wetmore (App. at 7, ¶ 20; 17, ¶ 15) and that Appleton had the tape with him in Denver.  MRP's attorneys immediately requested that the tape be produced to them, as they had called for it in discovery and Claimants had withheld the tape but had not objected to the requests for it.  (App. at 197, 224, 7-8, ¶¶ 20-24; 17-18, ¶¶ 15-17.)  The Arbitrator refused to permit MRP to access or review the tape.  (App. at 8-9, ¶¶ 23-24; 17-18, ¶¶ 16-17.)

D.     The Arbitrator Induces MRP to Accept a Standard Award

During the fourth day of the arbitration hearing, the Arbitrator again engaged in misconduct that ultimately prejudiced MRP.  At the close of evidence, the Arbitrator urged the parties to accept a standard award, setting forth her "strong preference" that she not have to write a reasoned award.  (App. at 18-19, ¶¶ 18-20.)  By written Order, dated September 1, 2006, the Arbitrator undertook to issue *a reasoned award* following the conclusion of the hearing.  (App. at 78.)  MRP relied on that Order in electing to not engage a court reporter to transcribe the arbitration proceeding.  (App. at 18-19, ¶ 19.)  MRP was thus faced with the untenable choice of alienating the Arbitrator by insisting that she issue a reasoned award in the face of her expressed reluctance to not do so, or agreeing to her request and taking the risk that a standard award would not reveal the bases for her decision.  Unwilling to take that risk, MRP questioned the Arbitrator about the content of her standard awards, and she assured MRP that while her standard award

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

6

would be shorter than a reasoned award, it would include the evidentiary bases for both her findings and any damages award. (App. at 19, ¶ 19; 204.) In reliance on that assurance, MRP capitulated to the Arbitrator's request. (*Id.*)

Contrary to her representations to MRP, however, on May 22, 2008, the Arbitrator issued a two-sentence award summarily ruling in Claimants' favor. (App. at 202.) The Award stated simply that "[t]he Arbitrator finds that Claimants suffered substantial damages resulting from numerous material breaches of specific provisions of the Master Transaction Agreements, including both the express and *implied contractual covenants of good faith*" and awarded Claimants $1 million. (*Id.* (emphasis added).)

MRP immediately filed an application with the Arbitrator requesting that she provide the bases for her findings on liability and damages in accordance with her representation to MRP that any standard award she issued would include that information. (App. at 204.) Claimants opposed the motion, but they did not dispute that the Arbitrator had promised to issue a more detailed standard award. (App. at 206.) The Arbitrator summarily denied MRP's application. (App. at 209.)[3]

### E.    The Arbitrator Denies MRP's Motion to Modify the Award

After the Arbitrator refused to elaborate on the bases for her award, MRP filed a motion to modify the award. (App. at 210-16.) The motion pointed out, among other things, that the arbitrator awarded damages to Claimants based upon a claim that was never submitted or

---

[3]    MRP respectfully submits that it should not be prejudiced in the context of this application by the absence of any information which the Arbitrator, by the very misconduct complained of, made unavailable to MRP.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

7

asserted (i.e., the implied contractual covenant of good faith) and that is not even cognizable under Texas law. (App. at 212-13.) The Arbitrator denied the motion. (App. at 223.)

## IV. ARGUMENT

A motion to confirm must be denied where it is shown that grounds for vacatur exist. *See* 9 U.S.C. § 9. The grounds for vacatur under the Federal and State Arbitration Acts include:

(i)   The award was produced by corruption, fraud or undue means. *See* 9 U.S.C. § 10 (a)(1);[4] TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(1) (Vernon 2005), and/or

(ii)   There is evident partiality or corruption in the arbitrators. *See* 9 U.S.C. § 10(a)(2); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(2) (Vernon 2005), and/or

(iii)   The arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy. *See* 9 U.S.C. § 10(a)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B) (Vernon 2005), and/or

(iv)   The arbitrator was guilty of any misbehavior by which the rights of any party have been prejudiced. *See* 9 U.S.C. § 10(a)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(2)(C), (3)(d) (Vernon 2005), and/or

(v)   The arbitrator exceeded his or her powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. *See* 9 U.S.C. § 10(a)(4); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(3)(a) (Vernon 2005).

An arbitrator's manifest disregard of the law also presents a ground for vacatur under the FAA. Manifest disregard of the law has been deemed a derivation of one or more of the enumerated statutory grounds. *See Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160,

---

[4]   The Business Agreements involved interstate commerce and are therefore governed by the Federal Arbitration Act ("FAA"). For example, the Business Agreements involved the shipment of reels and reel covers across state lines for payment. (App. at 14.); *see McGrath v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex. App.— Dallas 2008, pet. denied).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

8

2008 WL 906037, at *13-14 (S.D. Tex. Mar. 31, 2008); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003).[5]

That an award does not "draw its essence from the contract" is another statutory ground for vacatur, derived from 9 U.S.C. § 10(a)(4), which permits vacatur when the arbitrator exceeds his powers. *Halliburton*, 2008 WL 906037, at *14.

In addition, under Texas common law, vacatur is appropriate where the arbitrator's award is tainted by gross mistake implying bad faith and failure to exercise honest judgment, such that the result is arbitrary and capricious. *Ascension Orthopedics, Inc. v. Curasan*, No. H-07-4033, 2008 WL 2074058, at *3 (S.D. Tex. May 14, 2008).[6]

## POINT I

## THE ARBITRATOR EXCEEDED HER AUTHORITY

A.   The Arbitrator Exceeded Her Jurisdiction by Basing Her Award On a Claim That Was Never Submitted and That is Not Cognizable Under Texas Law

It is well established that arbitrators may not decide claims that are not presented to them. *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979) ("Although arbitrators enjoy a broad grant of authority to fashion remedies . . . [they] are restricted to those issues submitted. Arbitrators may not ignore the arbitral claims before them and dispense 'their own brand of industrial justice.'"); *see also Gulf Oil v. Guidry*, 327 S.W.2d

---

[5]      In *Hall Street Assocs., L.L.C. v. Mattel*, 128 S.Ct. 1396 (2008), the Supreme Court explained that the "manifest disregard" standard does not create a new or added ground for vacatur (separate and apart from those contained in the FAA) under *Wilko v. Swan*, 346 U.S. 427 (1953), *overruled in part on other grounds* in *Rodriguez de Quizas v. Shearson/Am. Express, Inc.*, 490 U.S. 477 (1989). Rather, the standard (as it has been used) refers to and emanates from the grounds contained in the FAA. *See id.*

[6]      Further, an arbitration award should be modified or corrected by the courts where (i) there was an evident material miscalculation of figures by the arbitrator, *see* 9 U.S.C. §11(a), or (ii) the arbitrator has issued an award based upon a matter not submitted to him/her, *see* 9 U.S.C. §11 (b). An arbitration award may also be remanded back to the arbitrator for clarification. *See Brown v. Witco Corp.*, 340 F.3d 209, 221 (5th Cir. 2003).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

9

406, 408 (1959). From a jurisdictional standpoint, an arbitrator is not empowered to decide that which has not been placed at issue in the arbitration. *See Totem Marine*, 607 F.2d at 651-52; *Guidry*, 327 S.W.2d at 408.

All parties to an arbitration proceeding are entitled to notice and an opportunity to be heard. *Totem Marine*, 607 F.2d at 651. In issuing a determination against a party based upon claims that were not submitted, the arbitrator deprives that party of its right to notice and to be heard on the very claims that have rendered it liable to its adversary. *Id*. This flies in the face of fundamental procedural fairness and warrants vacatur. *See id.*

Further, if an arbitrator manifestly disregards the governing law or commits an error of law that "so affects the rights of a party" so as to deprive that party of a fair proceeding, vacatur is warranted under the FAA. *Halliburton*, 2008 WL 906037, at *15. Where an arbitrator manifestly disregards the governing law set forth in the parties' contract such that it can be said that the award does not "draw its essence from the contract," vacatur is required under the FAA. *Id.* at *14.[7]   An arbitrator may not intentionally avoid the choice of law clause set forth in the parties' agreement. *See Halliburton*, 2008 WL 906037, at *18.

Here, Arbitrator Hubbard indicated in her two-sentence award that: MRP breached a "contractual implied covenant of good faith" and awarded Claimants $1 million in damages based (at least in part) upon this purported breach. (App. at 202.)  However, Claimants never alleged or claimed that MRP breached an ***implied*** contractual covenant of good faith over the one year and eight months that this matter was before the AAA. This claim is conspicuously

---

[7]     The *Halliburton* Court noted that it applied the "manifest disregard of law" standard as a ground for vacatur, consistent with the FAA, as a summary of statutory grounds. 2008 WL 906037, at *15.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

10

missing from all of Claimants submissions to the AAA. (App. at 80-93, 117-45.)[8] Further, it is

well established that a cause of action for breach of an implied contractual covenant of good faith

is not recognized in Texas. *See English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Notably,

the arbitration provision in the underlying Business Agreements reads: "***This Agreement shall be***

***governed by and construed in accordance with the internal laws of the state of Texas, where***

***this Agreement shall be deemed to have been negotiated and entered into, without regard to***

***the conflict of law principles thereof.***" (App. at 37, ¶ 13; 51, ¶ 18; 61, ¶ 17 (emphasis added).)

As the "implied duty claim" was never placed at issue in this action and is not even cognizable

under Texas law, the Arbitrator committed a blatant jurisdictional violation in deciding it and

basing her award on it. Further, as this claim was never raised, MRP had no notice of it, did not

have the opportunity to defend against it and did not address it.

In anticipation of Claimants' counter argument, it should be noted that the implied

contractual covenant of good faith is different from the express contractual covenant of good

faith in the parties' Cooperation Agreement. (The Arbitrator ruled that MRP breached both

covenants.) (App. at 202.) The good faith provision in the Cooperation Agreement deals with

the handling and resolution of unforeseen situations not provided for in the Cooperation

Agreement. It reads: "In the event that a situation or circumstance should arise ***that is not***

***otherwise covered by the terms of this Agreement***, each of the parties hereto agrees and

covenants to negotiate in good-faith towards a resolution that best reflects the intentions of the

parties, as reflected in the Recitals hereto." (App. at 60, ¶ 9 (emphasis added).) The implied

---

[8]       *See Totem Marine*, 607 F.2d at 651 (looking to the parties' the AAA briefs in determining whether certain issues were presented at arbitration).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

contractual covenant of good faith holds "that in every contract there is an implied covenant that neither party *will do anything* which injures the right of the other party to receive the benefits *of the agreement."* *Fischer*, 660 S.W.2d at 521.  As these covenants are different, it cannot be said that if MRP reached one covenant, it automatically breached the other or that the same damages would flow from each respective breach.

As the Arbitrator based her $1 million award on breach of express contractual provisions (although she did not identify all of them) *and* breach of the implied contractual covenant of good faith, the court cannot distill from the award which component of it is based on the "implied contractual covenant claim" and the entire award must be deemed void.  *See Guidry*, 327 S.W.2d at 408 (explaining that, to the extent that an award is based on claims not submitted by the parties, it must be vacated); *see Totem Marine*, 607 F.2d at 651-52; *see also Pennsylvania v. Labron*, 518 U.S. 938, 940-41 (1996) (where the independence and adequacy of any possible ground for the decision is not clear from the face of the opinion, the court does not assume that one particular ground "compel[led] the result.")[9]

> B.   The Arbitrator Failed to Afford Any Consequence to
> the Damages Limitation Provision That Expressly Restricted Her
> Authority to Award Damages

An arbitrator's power to resolve a dispute is derived from the parties' agreement to arbitrate.  *Totem Marine*, 607 F.2d at 651; *see also Smith v. Transp. Workers Union of Am.*, 374 F.3d. 372, 374 (5th Cir. 2004) (per curiam); *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Assoc.*, 889 F.2d 599, 603 (5th Cir. 1989); *see also Bruce Hardwood Floors v. UBC*,

---

[9]   In *Labron*, 518 U.S. at 940-41, the Supreme Court addressed whether there were adequate state law grounds for sustaining a lower court decision and explained how to proceed where the bases for the decision are unclear.  By way of analogizing, here the Arbitrator did not identify the particular grounds supporting the particular aspects of the award. (*See* App. at 202.)

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

12

103 F.3d 449, 451-52 (5th Cir. 1997). If the agreement creates a limitation on the authority of an arbitrator, the court must vacate an award where the arbitrator fails to respect the limitation. *Totem Marine*, 607 F.2d at 651.[10] Where arbitrators fail to abide by contractual provisions, they have exceeded their powers. *Id.*

Here, the binding arbitration clause does not just limit recoverable damages, it expressly limits the arbitrator's authority in awarding damages. The provision provides in pertinent part ***"The arbitrator shall not be authorized to award either party extra contractual damages (i.e., compensatory or punitive damages)."*** (App. at 37 ¶ 13, 51 ¶ 18, 61 ¶ 17.) MRP took the position throughout arbitration and in its post-hearing brief that the word "compensatory" was a scrivener's error, and that the parties intended to include the word "consequential" in its place. (App. at 115-16, 155, 174, 190-91.)

Claimants rejected MRP's interpretation of the clause, but did not offer their own alternative interpretation of the word "compensatory." (App. at 117, 128, 142.) As such, Claimants implicitly took the position that the clause should be taken on its face and applied by the Arbitrator as written.[11] (*See id.*)[12] Notably, "compensatory damages," which are barred under the subject contractual provision, include **consequential damages**, as well as direct benefit of the bargain damages, and also reliance damages. *See Abraxas Petroleum Corp. v. Hornburg,*

---

[10]    The absence of a transcript does not prevent the court from interpreting an arbitration provision to determine if an arbitrator exceeded the scope of his authority in rendering a certain award. *Transp. Workers Union of Am.*, 374 F.3d. at 374.

[11]    While Claimants did not offer any reading of the word "compensatory," thus implicitly taking the position that it should be accepted as written, in a scatter shot approach, Claimants reported various types of damages irrespective of whether they were recoverable. (App. at 130-31, 146-48.)

[12]    *See supra* note 8.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

13

20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.); *Mistletoe Express Serv. of Okla. City v. Locke*, 762 S.W.2d 637, 638 (Tex. App.—Texarkana 1988, no writ). Claimants reported contractual damages qualify as compensatory. (App. at 130-31, 146-48.)[13]

From the express language of the damages limitation provision, it cannot be disputed that the parties intended to limit the Arbitrator's authority to award certain types of damages, i.e., "extra contractual damages (i.e., compensatory or punitive damages)." (App. at 37, ¶ 13; 51, ¶ 18; 61, ¶ 17.) Put differently, it is readily apparent that the clause limiting the Arbitrator's authority to award "compensatory damages" was included in the Business Agreements to preclude the Arbitrator from awarding some type of damages. (*Id.*). The Arbitrator opted to not resolve the dispute concerning the interpretation of the clause and simply awarded $1 million in damages without regard for this limitation on her authority. (*See* App. at 202.)[14]

It is well established that whether an arbitration provision permits the arbitrator to award certain damages is a matter of contract construction for the courts. *See Transp. Workers Union of Am.*, 374 F.3d. at 372. Contractual provisions that deal with arbitrator authority are to be interpreted by the courts, not the arbitrator. *See Transp. Workers Union of Am.*, 374 F.3d. at 372 (where a contractual interpretation issue involves a question concerning the arbitrators' authority, the issue is to be resolved by the courts, not the arbitrator panel); *OneBeacon Am. Ins. Co. v.*

---

[13]     With respect to Claimants' loss of goodwill claim and damage to business reputation claim, under Texas law, a party cannot recover damages for loss of goodwill or business reputation on a breach of contract claim. *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 214 (5th Cir. 1998) (applying Texas law); *Rubalcaba v. Pac./Atl. Crop Exch., Inc.* 952 S.W.2d 552, 559 (Tex. App.—El Paso 1997, no writ); *see also Nelson v. Data Terminal Sys., Inc.*, 762 S.W.2d 744, 748 (Tex. App.—San Antonio 1998, writ denied).

[14]     *See Brown*, 340 F.3d at 221(refusing to confirm an award and remanding a decision to the Arbitrator where a certain issue needed to be resolved as a condition to accurately calculating damages); *Employers Ins. of Wausau v. El Banco De Seguros Del Estado*, 357 F.3d 666, 670 (7th Cir. 2004); *see also Robert S. Robertson, Ltd. v. State Farm Ins. Co.*, 921 So. 2d 1088, 1090 (5th Cir. 2006).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

*Turner*, No. Civ. A H-05-4343, 2006 WL 547959, at *3 (S.D. Tex. 2006); *Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 41-42 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 647 (1986); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (when deciding whether parties agreed to arbitrate a certain matter courts should apply ordinary state-law principles governing the formation of contracts). The power to determine that which is arbitrable remains within the Court's domain even in view of the amount of deference to be accorded to arbitration awards. *See Transp. Workers Union of Am.*, 374 F.3d. at 372. By failing to take into consideration the damages limitation provision, the Arbitrator has stripped this Court of its ability to ensure that the Arbitrator remained within the confines of her contractual authority. The Arbitrator's abuse of power in failing to even reference the limitation on her authority much less demonstrate that she abided by it in computing damages renders the award wholly unreliable. The Arbitrator had a duty to calculate recoverable losses consistent with the damages limitation provision, which she apparently did not based upon her blanket $1 million award. (*See* App. at 202.) Ultimately, the Arbitrator was not authorized to award $1 million on a whim and without regard for the contractual restrictions on her authority.[15] As it cannot be said that the Arbitrator acted in compliance with the parameters on her power in issuing this considerable monetary award, MRP must not be subjected to it and it cannot stand. *See Transp. Workers Union of Am.*, 374 F.3d. at 375; *OneBeacon*, 2006 WL 547959, at *3 ("[A]rbitral action contrary to contractual provisions is not entitled to deference upon review."); *Burlington Res. Oil & Gas*

---

[15]     To allow arbitrators to ignore important restrictions on their authority by failing to resolve issues concerning the reach of those restrictions and/or by failing to address the restrictions at all allows for broad based abuses of power.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

15

*Co.*, 249 S.W.3d at 44 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Halliburton*, 2008 WL 906037, at *14 (vacatur is warranted where the award does not draw its essence from the contract).

C.   The Arbitrator Exceeded the Scope of Her Authority by Manifestly Ignoring Texas Preclusion Rules, Binding Pre-Hearing Motion Practice and the Agreement Regarding the Type of Award that Would Be Issued

As indicated, an Arbitrator may not decide claims that are not before the arbitral tribunal, *see Totem Marine*, 607 F.2d at 651, and an Arbitrator may not manifestly disregard the applicable law in presiding over and deciding an arbitration; *see Halliburton*, 2008 WL 906037, at *15.

Moreover, misbehavior on the part of the Arbitrator which results in prejudice to a party's rights warrants vacatur. *See McGrath v. FSI Holdings, Inc.*, 246 S.W.3d 796, 811 (Tex. App.—Dallas 2008, pet. denied) (interpreting the FAA and noting that "misbehavior" is a "catch-all" for "procedural irregularities such as an arbitrator's running afoul of his or her own rules in conducting the arbitration").

Here, the Arbitrator manifestly ignored both Texas law—the binding law under the parties' Business Agreements—and her very own Order when she considered Claimants' damages claims for losses incurred after December 13, 2005, which is the conclusive termination date of the Business Agreements.

Under Texas law, consent judgments have complete preclusive effect and are binding on the parties.[16] *See Smith v. Cook*, 126 S.W.2d 1049, 1052 (Tex. Civ. App.—Galveston 1939, writ

---

[16]   In *Cook*, 126 S.W.2d 1049, the Court explained: "[t]he rule is well settled in this State that a judgment by agreement is, in effect, a contract between the parties thereto, and is as effective and binding upon them, as a bar or

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR**
**SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD**

16

dism'd); *Standlee v. Buechler*, No. 05-92-00466-CV, 1993 WL 155875, at *6 (Tex. App.—Dallas May 14, 1993, no writ) (if an order is entered by agreement of the parties in pursuance of compromise, res judicata applies).   A cause of action once finally determined between the parties, be it on agreement or by way of a trial, is not subject to new proceedings before the same or any other court. *Standlee*, 1993 WL 155875, at *6.  Further, a judgment entered by agreement "becomes a judgment on the merits and is conclusive not only on the matters actually litigated, but also on every other matter which the parties might have litigated and had decided as an incident to or essentially connected with the subject matter of the litigation [underlying the judgment]." *Id.*

Here, Claimants initially alleged in their Statement of Claim that MRP wrongfully terminated the Business Agreements on December 13, 2005 for Claimants' failure to pay MRP $52,422.00 owed to it under the Agreements.   (App. at 87.)   Claimants argued that MRP "breached first," thereby relieving Claimants of their contractual payment obligation.   (*Id.*)  Based on this argument, Claimants asserted that they were entitled to recover lost profits after December 13, 2005—the date of the alleged wrongful termination.  (*Id.*)

In September 2007, MRP filed a motion for summary judgment on its counterclaim (for Claimants' material breach of contract for non payment) to recover the approximately $52,422.00 owed to it.   (App. at 65-66, 106-12.)   The summary judgment motion alleged (among other things) that Claimants failed to pay the $52,422.00 owed to MRP due *solely* to Claimants' cash flow problems.   (App. at 107, 111, ¶ 5.)   On September 18, 2007, Claimants notified the

☐

estoppel, as one rendered on contest or on trial; this is held to be true though the pleadings in a contested case would not authorize the judgment." *Id.*

**PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR**
**SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD**

17

Arbitrator in writing that they consented to MRP's summary judgment motion to "streamline the issues at the arbitration hearing." (App. at 113.)  In consenting to the summary judgment motion, Claimants admitted within the context of this litigation that they owed the money to MRP and had absolutely no legitimate basis for withholding payment, and Claimants therefore relinquished their argument that MRP acted improperly in terminating the Agreements for non-payment. *See Standlee*, 1993 WL 155875, at *6.

Moreover, if Claimants sought to raise any arguments concerning the monies they failed to pay to MRP, their material breach, and the resulting termination of the agreements, Claimants time for doing so arrived when MRP filed its motion for judgment on its counterclaim.  *Id.*  It is significant that instead of raising a single defense or opposing the motion (in any way), Claimants consented to the motion.

On September 19, 2007, the Arbitrator granted the motion and awarded MRP judgment on its counterclaim. (App. at 114.)  Thereafter, Claimants were barred as a matter of law from re-addressing that which they had admitted on the summary judgment motion.  Put differently, Claimants were barred from re-asserting or re-litigating the issues resolved by the order granting MRP judgment on its counterclaim. *See Standlee*, 1993 WL 155875, at *6 (a consent judgment is conclusive as to all matters that are part of, incident to or essentially connected with the judgment.).  Further, as the issues on the motion had been conclusively resolved by the parties so as "to streamline the issues at the arbitration" (App. at 113) these issues were no longer before the Arbitrator and she was therefore not authorized to consider them. *See Totem Marine*, 607 F.2d at 651-52; *Guidry*, 327 S.W.2d at 408 (an arbitrator is not empowered to decide that which is not at issue in the proceeding).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

18

MRP brought to the Arbitrator's attention on its motion *in limine* that under Texas law and pre-hearing procedure, Claimants were precluded from presenting and recovering losses incurred after December 13, 2005—the conclusive termination date of the Agreements under the order granting MRP summary judgment on its counterclaim. (App. at 158-159.) MRP made it clear to the Arbitrator that Claimants' wrongful termination claim was no longer legally viable as a result of binding pre-hearing motion practice. (*Id.*) Nonetheless, the Arbitrator capriciously failed to accord to the summary judgment the binding force it must be afforded as a matter of law. The Arbitrator denied MRP's motion *in limine*[17] and permitted Claimants to present evidence of damages claims that were no longer viable for consideration. (App. at 6 ¶ 16, 130-31, 146-48.) Essentially, the Arbitrator considered business losses incurred by Claimants post-December 13, 2005 as if the judgment on MRP's motion did not exist.[18] *See, e.g., Cook*, 126 S.W.2d at 1052; *Standlee*, 1993 WL 155875, at *6. In doing so, the Arbitrator enlarged her authority by opting to consider claims that were no longer part of this dispute as a matter of law.[19]

---

[17]     MRP does not contest the adequacy of the evidence offered at the proceeding and notes such evidentiary challenges may in certain instances require the presentation of a transcript. *See House Grain Co. v. Obst*, 659 S.W.2d 903, 906 (Tex. App.—Corpus Christi 1983, writ ref'd. n.r.e.) (applying Texas common law). Rather, MRP contests the Arbitrator's irrational consideration of claims that were no longer viable for adjudication before the AAA. As MRP has submitted on this application the very motion in limine that was denied, along with the underlying summary judgment papers from both parties, it has submitted an adequate record in support of its request for vacatur based upon the aforementioned circumstances.

[18]     In disregarding the governing law and restrictions on her authority so as to issue rulings that benefited Claimants and severely prejudiced MRP, the Arbitrator breached her neutrality obligations evincing evident partiality toward Claimants. *See* 9 U.S.C.10 (2); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (a)(2) (Vernon 2005).

[19]     *See Totem Marine*, 607 F.2d at 651 (reviewing the AAA briefs and damages submissions to determine if the Arbitrator considered damages that were not recoverable in the arbitration action).

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

19

The Arbitrator further issued a bare bones $1 million award without identifying whether she properly limited damages in temporal scope (based on the December 13, 2005 termination date) or whether she based her damages award on the very claims she should have excluded prior to the arbitration proceeding. (App. at 202.) MRP did *not* authorize the Arbitrator to issue a standard award containing no bases in support of it (App. at 18-19, ¶¶ 18-20) as it did not want the Arbitrator to forego her duty to decide this action in a rational and lawful manner. (App. at 19, ¶ 19.) Nonetheless, the Arbitrator did precisely that in awarding Claimants $1 million without explanation after considering vast damages claims that were not legally at issue. *See Transp. Workers Union of Am.*, 374 F.3d. at 374 (an arbitrator's power to resolve the dispute and fashion an award is derived from the parties' agreement).[20]

## POINT II

### THE ARBITRATOR IMPROPERLY AIDED CLAIMANTS IN WITHOLDING EVIDENCE FROM MRP THAT WAS MATERIAL AND NECESSARY TO MRP'S DEFENSES

An arbitration award must be vacated where it is shown that the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy. *See* 9 U.S.C. § 10(a)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B) (Vernon 2005). Further, an arbitration award cannot stand where it is demonstrated that the arbitrator was guilty of any misbehavior by which the rights of any party have been prejudiced. *See* 9 U.S.C. § 10(a)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(2)(C), (3)(d) (Vernon 2005). Judicial review

---

[20]    MRP's position that an award was rendered which it did not authorize was memorialized at the arbitration level in MRP's application to the arbitrator for clarification of the award. (App. at 204.) The application for clarification is part of the documentary record submitted on this motion. (*Id.*) Further, the Preliminary Conference Order which is also part of the documentary record submitted herewith evidences that when MRP arrived at the hearing, the Arbitrator was obligated to issue a reasoned award. (App. at 78.)

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

20

of arbitration awards is designed to remedy those errors that render the arbitration award at issue fundamentally unfair. *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990).

By way of brief and necessary background, prior to the hearing, non party witness Brad Wetmore ("Wetmore") notified MRP in writing that Claimant, Jim Appleton ("Appleton") (i) phoned Wetmore; (ii) asked Wetmore to testify for Claimants (iii) offered Wetmore money to testify for Claimants; (iv) made comments to Wetmore about MRP; (v) *tried to elicit statements from Wetmore to support Claimants' case*; and (vi) tape recorded the conversation. (App. at 195.) On April 1, 2008 MRP requested in writing that this specific tape-recording be produced, consistent with Claimants' continuing discovery obligations to produce it. (App. at 198.) More than one year prior to the hearing, MRP served a discovery request for "any audio or other recordings of conversations, which Claimants intend to use in support of their claims at arbitration, *or to rebut any of Respondent's defenses or claims.*" (App. at 194 (emphasis added).) Claimants did not object to either request that called for the production of the tape-recorded conversation between Appleton and Wetmore. (App. at 7-8 ¶ 21, 224.) Claimants also did *not* produce any tape-recorded conversations to MRP. (*See* App. at 7-8 ¶ 21.)

At the hearing, Appleton admitted (two days before Wetmore was scheduled to testify) that he taped his conversation with Wetmore and that he had the tape with him in Denver. (App. at 7, ¶ 20; 17, ¶ 15.) MRP immediately requested a copy of the tape and explained to the Arbitrator that Claimants ignored their discovery obligations to produce it prior to the hearing. (App. at 7, ¶ 20; 17, ¶ 16.) Claimants then argued that the tape-recoding was requested after the close of discovery, but MRP showed its discovery requests to the Arbitrator, evidencing that the

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

21

tape was in fact called for by MRP's set of document demands which were timely served.  (App. at 8, ¶ 22; 17, ¶ 16; 194, 224.)   Next, Claimants argued that because they did not plan to introduce the tape recording except to rebut Wetmore's testimony if necessary, MRP was not entitled to it.  (App. at 8, ¶ 22.)  This contention was clearly flawed under the circumstances. MRP properly requested the tape during discovery so that it could use the tape at the hearing and so that it could adequately prepare its case for arbitration.  Claimants had a continuing obligation to produce it.[21]  Instead of affording MRP the opportunity to review the tape prior to calling Wetmore to testify and so that MRP could use it to meaningfully cross examine Appleton, the Arbitrator improperly ruled that MRP was not entitled to the tape-recording.[22]  (App. at 8-9, ¶¶ 23-24, 17-18, ¶¶ 16-17.) This ruling clearly facilitated Claimants in their effort to secrete and withhold the tape from MRP so as to (among other things) hamper MRP in its ability to cross examine witnesses. *See Chevron Trans. Corp. v. Astro Vencedor Compania Naviera, S.A.*, 300 F. Supp. 179, 181 (S.D.N.Y. 1969) (the absence of a statutory provision for discovery techniques in arbitration proceedings does not negate the affirmative duty of arbitrators to insure that relevant evidence in the hands of one party is fully and timely made available to the other).

---

[21]   *See Rainbo Baking Co. v. Stafford*, 787 S.W.2d 41, 41-42 (Tex. 1990) (there is an affirmative duty to supplement discovery responses).

[22]   MRP acknowledges that under certain circumstances arguments pertaining to the sufficiency of the evidence must be accompanied by a record of the proceeding.  *See, e.g., House Grain Co.*, 659 S.W.2d at 906 (applying Texas common law).  Here, MRP does not take issue with the weight of the evidence presented at the hearing.  MRP claims that it was precluded from introducing material and necessary evidence (i.e., the tape-recording) in support of its defenses and that it was prejudiced as a result.  Documentation shows that the tape recording was material to MRP's defenses and the presentation of its case.  Specifically, the Wetmore email (*see* App. at 195) reveals that the contents of the tape were integral for purposes of (among other things) enabling MRP to meaningfully cross examine Appleton.  Further, MRP's discovery requests for the tape recording and Claimants' written agreement to provide same are part of the documentary evidence presented on this motion establishing MRP's entitlement to the tape and the prejudice it suffered as a result of the Arbitrator's failure to direct Claimants to turn it over.  (App. at 224.)  Further, as the Arbitrator wrongfully enabled Claimants to withhold the tape from MRP, MRP cannot produce it in the context of this motion.

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

22

## CONCLUSION

In conclusion, the arbitration award must be set aside as the Arbitrator based the award upon a claim that was not previously raised in this action and that is not even cognizable under controlling law. The Arbitrator further enlarged both her legal and contractual authority when she (i) considered claims that were no longer legally viable and (ii) failed to expressly afford any significance to the limitation on her authority to award damages. In transgressing the parameters on her authority, the Arbitrator issued an irrational award which is not entitled to deference and cannot stand. Finally, in the context of the arbitration hearing, the Arbitrator deprived MRP of its right to introduce material evidence in support of its case and prejudiced MRP in the presentation of its defenses. For this reason as well the award must not be confirmed and must be vacated as it was the result of an unfair and biased arbitration proceeding.

Respectfully submitted,

*/s/ Jenni Spiritis*
Jenni Spiritis
NY Federal Bar No.: JS-5603
jspiritis@rgbllp.com
ROSEN GREENBERG BLAHA LLP
40 Wall Street, 32nd Floor
New York, NY 10005
Telephone No.: 212-530-4835
Facsimile No.: 212-530-4815

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

23

OF COUNSEL:
Charles W. Schwartz
State Bar No. 17861300
charles.schwartz@skadden.com
Noelle M. Reed
State Bar No. 24044211
nreed@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Telephone No.:  713-655-5160
Facsimile No.:   888-329-2286

Michelle L. Davis*
State Bar No. 24038854
michelle.davis@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
Wilmington, DE 19899-0636
Telephone No.:  302-651-3000
Facsimile No.:  888-329-3350

*A resident of the Dallas Division of the Northern
District of Texas and a member of the Bar of this Court.

**ATTORNEYS FOR PLAINTIFF
MAD RIVER POST, INC.**

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. All others were served a copy via U.S. mail postage prepaid:

Bruce W. Bowman
GODWIN PAPPAS RONQUILLO LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041


*/s/ Charles W. Schwartz*
Charles W. Schwartz

PLAINTIFF MAD RIVER POST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT BASED ON ADR
SETTLEMENT AND CROSS MOTION TO VACATE ARBITRATION AWARD